# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| v. ) | 3:09-cr-106-LSC |
| ) | [wo] |
| DEON TERESE NELMS ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Court is the Defendant's *Motion to Sever* (Doc. 34, filed 8/27/09), and the United States's *Response* (Doc. 42, filed 7/24/09), and the Government's *Response* (Doc. 103, filed 7/31/09). After hearing argument from the parties and due consideration of applicable law, the Magistrate Judge recommends that the District Court **DENY** the motion to sever (Doc. 34).

### I. FINDINGS OF FACT

On July 1, 2009, the Grand Jury for the Middle District of Alabama indicted Deon Nelms ("Nelms"), together with his father Tommie Lee Nelms and cousin Quinci Nelms, for conspiracy to possess with intent to distribute and distribute quantities of cocaine base, or "crack cocaine," and cocaine hydrochloride, both Schedule II Controlled Substances, in violation of 21 U.S.C. § 846. *See* Doc. 1. The eleven-count Indictment charges Nelms in Count One with the general conspiracy, and in Counts 3 and 4 with distributing cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). The remaining eight counts reference sales of crack cocaine or illegal weapon possession by Nelms's cousin and father.

Agent Robert Greenwood ("Greenwood") of the U.S. Drug Enforcement Agency (DEA). Greenwood testified Deon Nelms made two sales of cocaine hydrochloride to a now-deceased confidential informant ("CI"), and referred the CI to Quinci Nelms for the purchase of crack cocaine. The referral to Quinci Nelms led to successful purchases of crack cocaine from Quinci Nelms, and later, Tommie Lee Nelms.

## II. DISCUSSION AND ANALYSIS

Defendants may be jointly charged "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 14 addresses relief from prejudicial joinder, stating "[I]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Nelms argues severance is appropriate under Fed. R. Crim. P. 14 to prevent prejudice against him, while the United States responds that joinder is supported by the facts, and is favored under Fed. R. Crim. P. 8(b). Both parties cite *Zafiro v. United States*, 506 U.S. 534, 113 S.Ct. 933 (1993), as authority for their respective positions.

Nelms believes the extensive evidence gathered by the government against his co-defendants, including several audio recordings of conversations concerning the sale of crack cocaine, and video recordings of some sales, present a "serious risk of evidence against [his co-defendants] adversely affecting a jury's determination as to the guilt or

innocence of [Nelms]." Doc. 34, at 2. He argues severance is justified to prevent the jury's consideration of crack cocaine sales he neither participated in, nor facilitated, when considering the charges against him. Nelms cites *Zafiro* for its statement that severance under Rule 14 should be granted where a joint trial would prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro*, 506 U.S. at 539. Nelms also argues that the recordings produced by the United States as evidence against him are not clear enough to conclusively establish he is the person in the conversation with the CI. In addition to the identity issue, Nelms argues the recording shows that the speaker was reluctant to give the informant a phone number for Quinci Nelms, and was therefore disinclined to participate in the alleged conspiracy. Nelms further attempts to distance himself from the alleged conspiracy between his co-defendants by noting their alleged transactions occurred in Waverly, Alabama, approximately 13 miles from his own residence in Auburn, Alabama.

  The *Zafiro* decision notes a defendant's risk of prejudice when he is tried with co-defendants who have different degrees of culpability. *Id*. However, the United States based its joint indictment on the evidence which it believes shows a single conspiracy between the defendants. Greenwood acknowledges Tommie Lee Nelms was the original target at the inception of the investigation by the Auburn Police Department and Lee County Sheriff's Department, and the CI merely began his purchases with Deon Nelms. Though the CI did not attempt any transactions with Deon Nelms after being referred to his cousin Quinci, his assistance to the CI is viewed by the United States as a key factor

in the eventual success of the investigation. The link between Deon Nelms and Quinci Nelms gave the CI entry to the distribution network operated by Tommie Lee Nelms, and the United States expects to present witnesses who will provide testimony against all defendants. Consequently, the United States argues that judicial economy is an important reason not to sever these trials. *United States v. Talley*, 108 F.3d 277, 279 (11th Cir. 1997).

The United States cites *Zafiro* for its holding that the federal judiciary prefers joint trials for persons indicted together. *Zafiro, id*. at 537. Even in cases where co-defendants have mutually exclusive defenses, a severance is rarely the remedy. *Id*. at 538. The decision also notes "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id*. at 540. Further, it reasoned, Rules 8(b) and 14 are intended "to promote economy and efficiency and to avoid a multiplicity of trials," where joinder does not substantially prejudice a defendant's right to a fair trial. *Id*. With this goal in mind, *Zafiro* instructs that district courts may use limiting instructions to cure risk of prejudice, rather than the drastic remedy of severance. *Id*. at 539.

The Court finds that the evidence proffered by the United States supports joint indictment of these defendants, and therefore, joint trial under Rule 8(b). Upon the Court's inquiry, Nelms responded that he does not anticipate presenting a defense that is mutually exclusive to those of his co-defendants, but remained concerned that he would face incurable prejudice in a joint trial. A properly instructed jury can apply instructions which direct it to consider Nelms's alleged conduct as charged in Counts 3 and 4

separately from that of his co-defendants, and likewise, can determine whether those alleged acts were part of the conspiracy charged in Count 1. *Zafiro*, *id*. During the hearing on this motion, Nelms made a convincing argument that his alleged conduct was independent of his father's conduct, and he is entitled to elaborate on that evidence at trial.

One pattern instruction directs juries to convict on a conspiracy charge only if they "find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all [jurors] agreeing as to the particular crime which the conspirators agreed to commit." The instruction continues to explain that "a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists." O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions - Criminal Companion Handbook §18.1, No. 25. (West 2009). This type of instruction is but one among many pattern instructions which Nelms may submit to safeguard against the risk of prejudice in a joint trial, as anticipated by *Zafiro*.

### III.  CONCLUSION

Pursuant to the foregoing findings and conclusions, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant's *Motion to Sever* (Doc. 34) be **DENIED**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation not later than **October 8, 2009.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is

objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 25th day of September, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE